ROBERT HALFORD v. DEXTER H. COE.

*Error from Wyandotte County.*

Decision in Robitaille v. Furguson, *ante*, confirmed.

When the defendant before a justice appeals to the district court, the entering, by an attorney, of his name, as attorney for the plaintiff, and inquiries by him after the case, is not such an appearance by the plaintiff as to waive the necessity of notice of the appeal, prescribed by Supreme Court, rule 15.

The facts of the case, as to the notice of appeal, are the same as those of Robitaille v. Furguson.

The record showed that when the transcript of appeal from the decision of the justice was filed by the defendant, in the district court, the name of C. S. Glick, Esq., was entered on the appearance docket as attorney for the plaintiff, and that Mr. Glick made inquiries, from term to term, as to the case, and the probabilities of getting it to trial, and finally acted as attorney in

36

moving to dismiss the appeal, because of a lack of notice of appeal.

*J. Cooper,* for plaintiff in error, submitted :

The order dismissing the appeal was error—1. Because rule 15 of the Supreme Court was abrogated by the statute of 1867, § 9, p. 78. The object of the rule was to perfect the pleadings in appealed causes, where the matter in controversy was less than $100, as that was the extent of a justice's jurisdiction when the rule was made. The statute dispenses with all pleadings in appealed suits, where the matter in controversy is less than $100, which is this case. 2. If the rule was intended to bring the party into court, there was no notice required in this case for that purpose, as there was a voluntary or gratuitous appearance.

*By the Court,* SAFFORD, J.

The question involved in this case has been decided at the present term of this court, in the case of Robitaille *v.* Furguson. It will not, therefore, be discussed further here. A word may, however, be added as to another matter. It is claimed that there was a waiver on the part of the appellee in this case, in the district court, and such as would operate to prevent him from taking advantage of any non-compliance with the requirements of rule 15 referred to, by the appellant. We do not think that the record justifies any such conclusion, but that the motion to dismiss was properly entertained by the court.

The judgment of the district court will be affirmed. All the justices concurring.